IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARLANTHEIS A. SEAHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-2617-CM |
| ) | |
| JC PENNEY CORPORATION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This is a race discrimination lawsuit.  Plaintiff alleges that his former employer discriminated and retaliated against him based on his race.  Currently before the court is defendant's motion to compel arbitration based on a June 10, 1998 arbitration agreement ("the Agreement").  The Agreement is governed by the Federal Arbitration Act ("FAA") and includes a delegation provision that states:

> Any dispute concerning this Agreement – the way it was formed, its applicability, what it means, its enforceability, or any claim that all or part of this Agreement is void or voidable – is subject to arbitration under this Agreement.

(Doc. 7-1 at 2.)  Plaintiff opposes defendant's motion and argues that (1) the Agreement is not supported by consideration, (2) the Agreement is invalid for lack of mutuality, (3) the Agreement does not cover plaintiff's pre-termination discrimination and retaliation claims, and (4) the Agreement is unenforceable.  (Doc. 9 at 9.)

In *Rent-A-Center v. Jackson*, 130 S. Ct. 2772 (2010), the Supreme Court discussed a similar situation.  Jackson filed an employment discrimination claim against his former employer, Rent-A-Center.  Rent-A-Center moved to compel arbitration based on an arbitration agreement Jackson signed as a condition of his employment.  The arbitration agreement included a delegation provision, which provided that the arbitrator had exclusive authority to decide disputes over the "interpretation,

-1-

application, enforceability, or formation" of the arbitration agreement. *Id.* at 2775. In response, Jackson argued that the arbitration agreement as a whole was unenforceable. Based on the delegation provision, the district court held that Jackson's unenforceability challenge should be decided by the arbitrator. The Ninth Circuit reversed.

The Supreme Court reversed the Ninth Circuit. The Court explained that there are two types of validity challenges under Section 2 of the FAA: (1) those challenging the validity of the agreement to arbitrate, and (2) those challenging the contract as a whole. The court decides the first type of challenge, and the arbitrator decides the second type of challenge. The reason for this result is that arbitration provisions are severable from the remainder of the contract. *Id.* at 2778 (explaining that Section 2 "states that a 'written provision' 'to settle by arbitration a controversy' is 'valid, irrevocable, and enforceable' <u>without mention</u> of the validity of the contract in which it is contained") (emphasis in original) (quoting 9 U.S.C. § 2). Therefore, "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Id.* Because Jackson's challenge was not specific to the delegation provision but, instead, challenged the arbitration agreement as a whole, the Court determined that the arbitrator should decide the question of unenforceability.

Here, defendant moves to enforce the delegation provision. The delegation provision clearly and unambiguously covers the challenges raised by plaintiff in his opposition. *See First Options v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so.") (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).[1] And, critically, none of

---

[1] The Agreement incorporates the Rules of Arbitration, which provide that "[u]nless these rules provide otherwise, any arbitration will be conducted according to the most current Employment Dispute Resolution Procedures of the American Arbitration Association (AAA)." (Doc. 7-1 at 2; Doc. 7-2 at 2.) The current version of these rules states that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to

plaintiff's arguments specifically challenge the enforceability of the delegation provision.  *See Rent-A-Center*, 130 S. Ct. 2777–78 (instructing courts to treat delegation provision as valid absent a specific challenge to that provision).  Thus, the challenges raised by plaintiff should be decided by the arbitrator.  *See also Chen v. Dillard's Inc.*, No. 12-CV-2366-CM, 2012 U.S. Dist. LEXIS 133550 (D. Kan. Sept. 19, 2012) (applying *Rent-A-Center* and compelling arbitration).  The court grants defendant's motion, stays this lawsuit, and orders the parties to proceed to arbitration.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Compel Arbitration And Dismiss Or Stay Action (Doc. 5) is granted.  The court stays all proceedings and orders the parties to proceed to arbitration.

Dated this 6th day of February, 2013, at Kansas City, Kansas.

_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge

---

the existence, scope or validity of the arbitration agreement."  Rule 6(a), AAA Employment Arbitration Rules and Mediation Procedures (available at www.adr.org) (last visited January 30, 2013).  *See P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 867–68 (10th Cir. 1999) (determining that a party is bound by all procedural rules of the AAA when the party incorporates the AAA rules by reference); *Nazar v. Wolpoff & Abramson, LLP*, No. 07-2025-JWL, 2007 U.S. Dist. LEXIS 11027,  at *11–13 (D. Kan. Feb. 15, 2007) (determining that incorporation of procedural rules is "additional clear and unmistakable evidence" that the parties intended to delegate questions of arbitrability).